HEARD NOVEMBER TERM, 1875.

## THE STATE *vs.* PARKER.

The principles decided in *Ex Parte* Parker (6 S. C., 472,) reaffirmed.

An order made on the motion of the Court itself, and without notice to the party prejudiced by it, will be set aside.

An order cannot be made in a cause without notice to the party prejudiced by it.

A Judge has no power of his own mere motion to make an order in a cause affecting the rights of a party.

### BEFORE MACKEY, J., AT RICHLAND, AUGUST, 1875.

This was an action by the State of South Carolina and S. W. Melton, Attorney General of said State, against Niles G. Parker, late State Treasurer, the object of which was to recover the sum of $25,000 of the fund of the State alleged to have been embezzled and fraudulently applied and converted by the defendant to his own use.

The complaint stated the facts upon which the claim was founded, and it was verified by the affidavit of the plaintiff, S. W. Melton.

An affidavit for the arrest of the defendant was made by T. C. Dunn, the Comptroller General of the State. It was in the usual form, stating that a cause of action exists in favor of the plaintiff's against the defendant, and setting forth the grounds of his belief. It further stated : "That this deponent has been informed and believes that the said defendant is about to depart from this State with intent to defraud his creditors, and that the plaintiff has commenced an action in the Court against him upon the cause of action above stated."

An undertaking for arrest, as required by the Code, was filed on behalf of the plaintiff, and an order for arrest, directed to the Sheriff, requiring him to arrest the defendant and hold him to bail in the sum of $30,000, was made by the Clerk of the Court.

The summons and complaint in the action, and the other papers above mentioned, were lodged with the Sheriff of Richland County on 16th August, 1875, and on the 17th August, 1875, he filed the following certificate :

"I hereby certify that on the 16th day of August, A. D. 1875, at 9 o'clock P. M., at the Court House, in Columbia, S. C., I served on the above named Niles G. Parker the summons and complaint in this action, by delivering copies thereof to him personally, and leaving the same with him, and was restrained from arresting the

body of the said Niles G. Parker by an order of Judge T. J. Mackey, a copy of which is hereto annexed.

"J. E. DENT, S. R. C."

A copy of the following order made by T. J. Mackey, Judge of the Sixth Circuit, and dated August 16, 1875, was annexed to the Sheriff's certificate :

"On inspection of the record in this case, the affidavit of Thomas C. Dunn, and the order of D. B. Miller, Clerk of the Court of Common Pleas and General Sessions for said County, requiring Jesse E. Dent, Esq., Sheriff of Richland County, forthwith to arrest Niles G. Parker in this action and hold him to bail in the sum of $30,000, and it appearing that said Sheriff is about to execute said order in the presence of the Court, and that said order is illegal and unauthorized :

"*Ordered*, That the said Sheriff, Jesse E. Dent, be prohibited from executing said order, and that said order be vacated and set aside, in accordance with the decision of this Court, rendered this day, in the case of *The State* vs. *Niles G. Parker*, in proceedings under a writ of *habeas corpus*, issued therein, the said defendant having been discharged from custody because, in the judgment of this Court, the order of arrest, of like purport with that now under consideration, was without authority of law and repugnant to the Constitution of the State."

To the above order the plaintiffs, on the 25th August, 1875, filed the following exceptions:

1. In that His Honor Judge Thomas J. Mackey made any order in the action, he having no jurisdiction of the case.

2. In that His Honor Judge Thomas J. Mackey made any order in the action, the same not being regularly before him for consideration.

3. In that His Honor Judge Thomas J. Mackey made any order in the action without notice to the Attorney General.

4. In that His Honor Judge Thomas J. Mackey made any order in the action without notice having been given to the Attorney General that proceedings would be had in the action.

5. In that His Honor Judge Thomas J. Mackey prohibited the Sheriff of Richland County from executing the order of the Clerk of the Court for Richland County, made in this action.

6. In that His Honor Judge Thomas J. Mackey held that the order of the Court for Richland County, made in this action, was without authority of law and repugnant to the Constitution of this State.

On the 3d September, 1875, His Honor Judge Mackey made the following order in this case:

"On reading the affidavits of Leroy F. Youmans, Maurice S. Parker and R. B. Elliott, ordered that cause be shown before me at the Court House, Columbia, South Carolina, at 5 o'clock P. M. Monday, 5th September, 1875, why the service of summons and complaint and the return thereof, and all subsequent proceedings herein, should not be set aside; and that copies hereof, and of said affidavits, be served on plaintiff's attorney, and on Jesse E. Dent, Sheriff of Richland County."

To the above order the plaintiffs made the following return, verified by the oath of one of the plaintiff's attorneys:

" *To the Honorable* T. J. MACKEY,
         *Judge of the Sixth Judicial Circuit of South Carolina:*

"The plaintiffs above named, upon one of whose counsel has been served, on the fourth day of September, 1875, a rule requiring that cause be shown before your Honor at the Court House, Columbia, South Carolina, at 5 o'clock P. M., why the service of summons and complaint, and the return thereof, and all subsequent proceedings herein, should not be set aside,

" For cause why the said rule should not be granted, respectfully show:

"1. That your Honor has no jurisdiction of the said action, the same having been commenced in the County of Richland, in the Fifth Judicial Circuit of the said State.

"2. Because the return of the Sheriff of Richland County shows that the said defendant was served with a copy of the summons and complaint in this action in accordance with law, and the plaintiffs crave leave to refer to the affidavits of Jesse E. Dent, James D. Evans, Thomas J. LaMotte, Thomas Dent and John Wingate, hereto annexed, for further corroboration of the said service.

"3. Because no notice has been given, in accordance with law, of this rule to the attorneys of the plaintiffs.

" The plaintiffs therefore pray that the rule herein may be dismissed with costs."

The return was supported by the following affidavit, made by the Sheriff, and dated September 6, 1875 :

" Personally appeared Jesse E. Dent, Sheriff of Richland County, who makes oath that on the 16th day of August, past, he delivered to and served upon Niles G. Parker copies of the summons and complaint in the above entitled case, and that the said Parker received the same into his hands from the hands of deponent.   Deponent further says that the said service was made at the Court House in Columbia, during the pendency of the *habeas corpus* case of Niles G. Parker, before His Honor Judge T. J. Mackey, just after Judge Mackey had announced his decision in the case, and before the order for discharge had been signed by him.   Deponent further says that, in accordance with the foregoing facts, he endorsed the return of said service on the original process, as required by law.

"(Signed)                    J. E. DENT, S. R. C."

Other affidavits in support of the rule, to the same effect as the above, were submitted by the plaintiffs.

On September 7th, 1875, His Honor Judge Mackey made the following order :

" On hearing the return to the rule issued September 4th, 1875, and the affidavits submitted in support thereof and against, and it appearing that the Judge of the Fifth Circuit is absent, and argument by Mr. Wingate against the motion, and by Mr. Youmans for the same :

" *Ordered*, That the service of the summons and complaint herein, and the return thereof made by the Sheriff, Jesse E. Dent, be set aside."

From the above order the plaintiffs appealed, on the following grounds :

I. Because the defendant herein made no affidavit in support of the said motion.

II. Because the return of the Sheriff and affidavits of J. E. Dent, Sheriff, J. D. Evans, Thomas J. LaMotte and Thomas Dent show that the summons and complaint in the action were duly served.

III. Because the said Circuit Judge had no jurisdiction of said action.

IV. Because no notice of said motion was given in accordance with law, and the affidavits submitted on behalf of defendant have no averment required to bring the cause within the provisions of Section 418 of the Code of Procedure, wherein it is provided that a Court or Judge may, by order to show cause, prescribe a shorter period than four days.

V. Because it appears, by endorsement on the notice of appeal in this action, that the defendant's counsel accepted service thereof on 26th day of August, 1875.

*Melton, Rion and Wingate,* for appellants.

*Melton & Clark, Bachman & Youmans, Hoge & Wilkes, R. B. Elliott,* contra.

February 1, 1876. The opinion of the Court was delivered by

WILLARD, A. J. Two separate appeals are brought before us in the above entitled case, both taken by the State from orders made by the Circuit Judge of the Sixth Circuit, at Columbia, in August, 1875, in an action pending in the Fifth Circuit. One of these orders vacates an order of arrest issued by the Clerk of the Court, and the other dismisses the summons and complaint in that action. The same question is raised as to the authority of the Circuit Judge of the Sixth Circuit to make orders within the Fifth Circuit which we have just passed upon in the case of *Ex Parte N. G. Parker* vs. *The State of South Carolina,* (6 S. C., 472). The point there ruled determines the question of authority against the power of the Circuit Judge who made the orders, and they must accordingly be set aside. The reasons assigned in the opinion of the case of *Ex Parte Parker* for not considering the various questions passed upon by the Judge who made the orders in question is ground for confining the present decision to the question of judicial authority alone.

One feature of the appeal from the order vacating the order of arrest may properly be noticed, as involving general considerations, not entering into the merits of the case as it stands before the Cir-

cuit Court of the Fifth Circuit. It is the fact that the order appealed from was made on the motion of the Court itself, and without notice to the party prejudiced by it. On the argument counsel declined to support this order by argument.

The fact that the order was made without notice is sufficient ground for setting aside, as a direct violation of the statute requiring notice to be given in such cases. The circumstance that it was not asked for on behalf of the party for whose benefit it was made cannot properly be passed without notice. It is a dangerous innovation, subversive of the conception of the proper limits of judicial authority entertained by our laws. As the idea of a government of laws emanating from a legislative representation distinct from the judicial body has obtained clearness and force, a concurrent tendency has developed to separate entirely the functions of the Judge and those of the advocate. Whatever may have been the practice at times when the liberty of the subject stood on no higher ground than a concession, either voluntary or extorted, of the dynastic head of government, at this day the judicial office has been so far simplified and purified, in theory at least, that the idea of a Judge initiating any proceeding for the vindication of any right, either public or private, is anomalous. The case of punishment for actual contempt, especially that committed in the presence of the Court, is exceptional, and authorizes the Court to notice violations of order and decorum committed in its presence and to initiate and apply a summary remedy. This power, although liable to abuse, is the result of the necessities of the case.

The sound theory of judicial action, based upon experience and reason, requires that the Judge shall remain passive until moved in the right of those interested in invoking the action of the Court. Remedies of all kinds, while granted by the Court in recognition of the right of the parties demanding them, are selected or sought for by the parties themselves as means of promoting their personal interests. So a Judge cannot properly initiate a remedy in behalf of any party, because he cannot properly represent the interests of the party for whose benefit such remedy is intended. It is a mistaken idea that the Court has any personal or official interest in the mode in which its process is employed, or in the results attained through it. It is the party alone who is interested in the process issued in his behalf, and he is at liberty to take or decline all that the law intends for him by issuing in his behalf the process of the

Court. If that process is defeated or abated as to its proper effect, it is for the party prejudiced to determine, according to his notions of his interest in the matter, whether he will appeal to the Court for aid or be content with that which he can obtain without such application. The ministerial officer who holds the process of the Court only acts under the eye of the Court when that eye is turned upon him in deference to the demands of parties alleging that they are prejudiced by the action of such ministerial officer.

The orders appealed from in each of the appeals in the above entitled action must be set aside and wholly vacated.

*Moses*, C. J., and *Wright*, A. J., concurred.